IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CLAUDIA FLORES | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| EDISON PARK & ASSOCIATES | § | |
| | § | Complaint |
| | § | AND |
| | § | |
| Defendant | § | Demand for Jury Trial |

## COMPLAINT

COMES NOW the Plaintiff, Claudia Flores, (hereafter the "Plaintiff"), by Counsel, Dennis McCarty, and for his complaint against the Defendant Edison Park & Associates (hereafter "Defendant") alleges as follows:

## JURISDICTION

1. Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d), and 28 U.S.C. § 1331, supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. 1367.

2. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred as well as a substantial part of the property that is subject to this action is located in this Judicial District.

## PARTIES

1

3. Plaintiff, Flores, is a natural person and is resident and citizen of Denton County in the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant is a foreign For-Profit Corporation conducting debt collection in the state of Texas. Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6)[1]

## FACTUAL ALLEGATIONS

5. Defendant is attempting to collect a debt from Plaintiff.

6. Defendant is attempting to collect this debt in the State of Texas.

7. Defendant is not bonded in the State of Texas when it attempted to collect this debt.

8.  Defendant is a debt collector as defined by the Fair Debt Collection Act.

9.   Defendant is currently reporting an alleged debt on Plaintiff's credit report.

10. Reporting on a credit report is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to **\*1036** the CRAs before sending verification of that debt to Edeh.); *see also Edeh v.*

---

[1] 15 U.S.C. § 1692a "Definitions"
As used in this subchapter
(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413

Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use

the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters

and telephone calls."); *Please see Sullivan v. Equifax, Inc.,* CIV.A. 01-4336, 2002 WL

799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad

definition in the act. It means "the conveying of information regarding a debt directly or

indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator

has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting

agency is "a powerful tool designed, in part, to wrench compliance with payment terms

...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623

(D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See*

*Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting

a debt to a credit reporting agency can be seen as a communication in connection with the

collection of a debt, the reporting of such a debt in violation of the provisions of §

1692e(8) can subject a debt collector to liability under the FDCPA.)

11. Debt collectors are required to file a bond with the Texas Secretary of

State before they can legally collect debt in Texas.

12. Defendant did not have a bond filed with the Texas Secretary of State

while attempting to collect an alleged debt.  Defendant is attempting to collecting a

debt that they can not legally collect in Texas. Defendant misled Plaintiff that they are in

good standing with the State of Texas to collect debts and that they could legally collect

debts in Texas, violating the Federal Fair Debt Collection Act.

13. Defendant held themselves out to Plaintiff that they are able to legally collect

debts in Texas; this is false because they are not bonded, they are not able to collect in Texas and Defendant misled Plaintiff that they have satisfied the requirements and is in good standing with the State of Texas to legally collect debts violating15 U.S.C. §1692e(10).  The violating of any law to collect an alleged debt is an unconscionable act.

14. Defendant contacted Plaintiff and informed her that they were paralegals for Defendant and that they were going to come to her job to serve her with a lawsuit if she didn't make payment that day.  Plaintiff informed her that she didn't have the money. Defendant replied that they were going to call back in 2 hours and if she didn't have a credit card ready then they were coming to her job to serve her.  Plaintiff, scared of getting sued and served at work, borrowed $200 to make a payment that day.

15. During a second phone conversation between Defendant and Plaintiff, Plaintiff questioned the validity of the account.  Defendant then informed her that she could "go to court and they could get you on fraud also".  That was a false and misleading statement as well as threatening legal proceedings that they could not and/or had no intention to act on and to further the abuse, Defendant's statement that they could get her for fraud was false, misleading and made in an attempt to harass and intimidate Plaintiff into paying an alleged debt.  Plaintiff informed Defendant that the last payment she made on the account was in 2006 and that they couldn't take legal proceedings. Defendant stated that it was charged off in 2010 and that they could.  Defendant's statement that they could take legal proceedings based on the 2010 charge off is false and misleading and made in an attempt to harass and intimidate Plaintiff.  The statute of limitations has passed for Defendant to file any legal proceeds.  Defendant threatened

legal proceedings against Plaintiff even though Defendant would have been time barred from filing any legal proceedings regarding this alleged debt.

16. Defendant is maliciously, willfully, and/or negligently violating the Fair Debt Collection statutes in an attempt to collect Plaintiff's alleged debt.

17.  As a result of Defendant's conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

19. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

21.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.  This suit is based upon the Defendants violation of the Federal Fair Debt Collection Act.  All causes of action were the producing causes of damages which Plaintiff suffered.

### *Count I: Fair Debt Collection Act*

23. Plaintiff incorporates the foregoing paragraphs as though the same were

set forth at length herein.

24.  Defendant violated Federal Statutes 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10), 15 U.S.C §1692f, 15 U.S.C. 1692d

25. Defendant attempted to collect an alleged debt by reporting the alleged debt on Plaintiff's credit report.  Reporting alleged debts to credit bureaus is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to **\*1036** the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *see also Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v.*

*Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

26. Texas requires "debt collectors" to file a $10,000.00 bond with the Texas Secretary of State's Office before they can collect debt in Texas.  Defendant is not bonded in Texas to collect debts and they are attempting to collect an alleged debt from Plaintiff. Because Defendant is not bonded, they are not legally able to collect debt in Texas; however, Defendant is reporting on Plaintiff's credit report, a debt collection activity, violating 15 U.S.C. §1692e(5).

27. Defendant held themselves out to Plaintiff that they are able to legally collect debts in Texas; this is false because they are not bonded, they are not able to collect in Texas and Defendant misled Plaintiff that they have satisfied the requirements and is in good standing with the State of Texas to legally collect debts violating15 U.S.C. §1692e(10).  The violating of any law to collect an alleged debt is an unconscionable act.

28.  Defendant contacted Plaintiff and informed her that they were paralegals for Defendant and that they were going to come to her job to serve her with a lawsuit if she didn't make payment that day.  Plaintiff informed her that she didn't have the money. Defendant replied that they were going to call back in 2 hours and if she didn't have a credit card ready then they were coming to her job to serve her.  Plaintiff, scared of getting sued and served at work, borrowed $200 to make a payment that day.

29.   During a second phone conversation between Defendant and Plaintiff, Plaintiff questioned the validity of the account.  Defendant then informed her that she could "go to court and they could get you on fraud also".  That was a false and misleading statement as well as threatening legal proceedings that they could not and/or had no intention to act on and to further the abuse, Defendant's statement that they could get her for fraud was false, misleading and made in an attempt to harass and intimidate Plaintiff into paying an alleged debt.  Plaintiff informed Defendant that the last payment she made on the account was in 2006 and that they couldn't take legal proceedings because it was to old.  Defendant stated that it was charged off in 2010 and that they could.  Defendant's statement that they could take legal proceedings based on the 2010 charge off is false and misleading and made in an attempt to harass and intimidate Plaintiff.  The statute of limitations has passed for Defendant to file any legal proceeds.  Defendant threatened legal proceedings against Plaintiff even though Defendant would have been time barred from filing any legal proceedings regarding this alleged debt.

The section entitled "False or misleading representations" under 15 U.S.C. §1692e reads:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

and;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

And;

The section entitled "Unfair practices" under 15 U.S.C §1692f reads;

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

And;

The section entitled "Harassment or abuse" under 15 U.S.C. 1692d reads;
A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

30.  As a result of Defendant's conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

31.  As a result of Defendant's conduct, Plaintiff has suffered actual damages and  all to Plaintiff's great detriment and loss.

32.  At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

33. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

34. The conduct of Defendant was a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, exemplary damages, costs and attorney fees as well as such other relief, permitted by law.

<u>DEMAND FOR JURY TRIAL</u>

35.  Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages

against the Defendant, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1692k;

(b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(d) Such other and further relief as may be necessary, just and proper.


Dated: April 1, 2014


Respectfully submitted,

/s/ Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
P.O. Box 111070
Carrollton, TX., 75011
Telephone: 817-704-3375
Fax (817) 887-5069
dmccartylaw@att.net